IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON, | |
| Plaintiff, | No. CIV S-12-1406 KJM DAD |
| v. | |
| CHINA KING BUFFET, et al., | ORDER TO SHOW CAUSE |
| Defendants. | |

On August 2, 2012, defendant Daniel Thai, d/b/a/ Fashion Hair Salon, filed a status report advising plaintiff and the court that he forwarded plaintiff's complaint to his landlord who has made changes in order to comply with the ADA. Thai also suggests that it is the landlord, and not Thai, who is responsible for the parking lot and exterior. Finally Thai says that he will provide information about interior non-compliance to his landlord, but notes that "plaintiff Scott N. Johnson has never been inside of our small business facility." ECF No. 7.

Given defendant's alleged lack of control over the property at issue, it is not clear that this court can grant meaningful relief in a claim against a mere tenant of the named property at issue. In addition, given the alleged changes in the exterior to bring the property into ADA compliance, it is not clear that plaintiff may continue with the portion of his action seeking

injunctive relief.  Accordingly, plaintiff is hereby ORDERED, within fourteen days of the entry of this order, to show cause as to the following:

  1. Why Kettlemen Station is not a necessary and indispensable party, and the removal of barriers alleged in the complaint is readily achievable in its absence?  FED. R. CIV. P. 19; *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 879-83 (9th Cir. 2004); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 834 (9th Cir. 2000);

  2. Why the action should not be dismissed as to the claims concerning the parking lot and the exterior?  *Wander v. Kaus*, 304 F.3d 856, 858, 860 (9th Cir. 2002); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1133 (E.D. Cal. 2002).

  3. Why the court should not decline to exercise supplemental jurisdiction over the state claims on the same subject?

  4. Why the action should not be dismissed as to claims concerning the interior of Fashion Hair Salon because plaintiff does not have standing to pursue the claim?  *Meneses v. Haul Intern., Inc.*, No. C–11–03615 DMR, 2012 WL 669518, at *7 (N.D. Cal. Feb. 29, 2012); *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 345 (D.N.J. 2003).

  IT IS SO ORDERED.

DATED:  October 18, 2012.

_____
UNITED STATES DISTRICT JUDGE